```
IN THE UNITED STATES DISTRICT COURT FOR THE

              EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| ALICE WHITE, et al., ) | No. CV-F-05-1558 OWW/NEW |
| ) | (WMW) |
| ) | |
| ) | ORDER RE PLAINTIFF DERRICK |
| Plaintiff, ) | WHITE'S REQUEST TO APPEAR AT |
| ) | HEARING |
| vs. ) | |
| ) | |
| ) | |
| CITY OF FRESNO, et al., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

Plaintiff Alice White, proceeding *in pro per,* commenced this action against the City of Fresno on May 3, 2005 in the Fresno County Superior Court. The action was removed to this Court on December 7, 2005 because the Complaint alleged violation of rights under the federal civil rights laws. A Scheduling Order was filed on May 4, 2006. Pursuant to the Scheduling Order, discovery cut-off was April 17, 2007, non-dispositive motion cut-off was May 1, 2007, and dispositive motion cut-off was May 14, 2007.

On May 31, 2006, an Amended Complaint was filed, naming as

1

plaintiffs Alice White and Derrick White, both proceeding *in pro per*.[1]

On May 11, 2007, Defendants filed a motion for summary judgment against both Plaintiffs, noticing the motion for hearing on June 18, 2007. By minute order filed on June 1, 2007, the hearing on the motion for summary judgment was continued to July 2, 2007.

On June 1, 2007, a letter from Derrick White dated May 21, 2007 was received and filed. Derrick White's letter states:

> I'm writing to inform the Court that my wife Alice White received a letter from the Eastern District Court informing her of a Declaration of 6,18,07 [sic] and I havent [sic] received anything telling me of any court date of 6,18,07 and my wife received her's [sic] over a week ago. I'm co-council [sic] for Alice White and will be needed to be transported over to the Federal Court building on 6,18,07 as well as any other pending court dates. I've been in the Fresno County Jail since Jan. 17, 07 and F-C-J refuses to allow me to go to the law library even though I'm (in-pro-per) in my civil action.

---

[1] Derrick White, proceeding *in pro per*, filed a Complaint in the Fresno County Superior Court on May 3, 2005 against the City of Fresno. The action was removed to this Court on December 7, 2005 because the Complaint alleged violations of federal civil rights acts and assigned Case No. CV-F-05-1564 REC/WMW. A Scheduling Order was filed on February 23, 2006. On February 28, 2006, Defendants filed a notice of related case, stating that the case was related to No. CV-F-05-1558. By Order filed on March 3, 2006, the case was related and reassigned to OWW/LJO, the same designation as in Alice White's action. On March 16, 2006, a minute order setting a scheduling conference for April 28, 2006 was issued. Defendants filed a scheduling report but Derrick White did not. No scheduling order was ever issued and that is the last activity in the case (other than the notice of reassignment because of Judge O'Neill's elevation to District Judge).

> It is because of this out right violation of my rights to the law library that I was forced to miss the cut off date for myself and Alice White to file for discovery in this pending legal action. I would ask that I be given the chance to properly bring me, my wife case before the court [sic].
>
> Again I will be needed to be transported over to the Federal Court building for any & all future pending court dates.

There is no indication that Derrick White sent a copy of this letter to counsel for Defendants. It appears that Alice White was properly served with the Defendants' summary judgment motion. Derrick White is not a licensed attorney and he cannot represent another individual before the Court. *See discussion infra.*

It appears that Mr. White is referring to service of the motion for summary judgment. The Proof of Service accompanying the motion states that Derrick White was served by mail "c/o 1260 'M' Street, Fresno County Jail, Fresno, CA 93721" on May 11, 2007. The Court notes that service by the Court on Mr. White on February 27, 2007 at that address was returned by the Fresno County Jail on March 13, 2007 with the notation "need booking #". Therefore, it is possible that Derrick White was not served with the motion for summary judgment.

Because each Plaintiff is proceeding *in pro per*, Plaintiffs are advised that Rule 83-183(a), Local Rules of Practice, provides in pertinent part:

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other

3

```
            individual, including husband or wife, or any
            other party on the same side appearing
            without an attorney.  Any individual
            representing himself or herself without an
            attorney is bound by the Federal Rules of
            Civil ... Procedure and by these Local Rules.
            All obligations placed on 'counsel' by these
            Local Rules apply to individuals appearing in
            propria persona.  Failure to comply therewith
            may be ground for dismissal ... or any other
            sanction appropriate under these Rules ....
```

Plaintiffs are further advised that Rule 5-135(d), Local Rules of Practice, provides:

```
            Unless a party expressly waives service,
            copies of all documents submitted to the
            Court shall be served upon all parties to the
            action ....
```

Any documents, including letters, filed with the Court will be disregarded in the absence of an appropriate proof of service on the other parties to the action.

Alice White has not filed an opposition to the motion for summary judgment.  Pursuant to Rule 78-230(c), Local Rules of Practice, Alice White's opposition or statement of non-opposition was due to be filed by Monday, June 18, 2007.[2]  Alice White has not requested a continuance of the motion for summary judgment pursuant to Rule 56(f), Federal Rules of Civil Procedure. Because of Rule 83-183(a), Alice White cannot excuse her failure to timely respond to Defendants' motion because of Derrick White's incarceration.

Plaintiff Derrick White, who is not a lawyer, has no right

---

[2]The format for an opposition to a motion for summary judgment is set forth in Rule 56-260, Local Rules of Practice.

**to be transported to Court for any pretrial hearings in this civil action.  "[I]mprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf."  *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir.1989), citing *Price v. Johnston*, 334 U.S. 266, 285-286 (1948); *see also Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir.1986); *McKinney v. Boyle*, 447 F.2d 1091, 1094 (9th Cir.1971). The determination whether to issue a writ to allow a prisoner plaintiff to participate in a court hearing rests within the sound discretion of the district court.  *Price v. Johnston*, *id.*, at 284.  Further, even though Derrick White is *in pro per* and incarcerated, under the law, he is responsible for making arrangements and payment for his transportation expenses to and from the Federal Courthouse.  *Manning v. Tefft*, 839 F.Supp. 126, 129-130 (D.R.I.1994).**

IT IS SO ORDERED.

**Dated:    June 25, 2007                              /s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE