IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE WHITE, et al., ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF FRESNO, et al., ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | No. CV-F-05-1558 OWW/WMW <br><br> ORDER CONTINUING HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FROM JULY 2, 2007 TO AUGUST 20, 2007 AND DIRECTING PLAINTIFFS TO FILE OPPOSITION TO MOTION IN COMPLIANCE WITH L.R. 56-260(b) ON OR BEFORE JULY 23, 2007 |

Defendants' motion for summary judgment, set for hearing on July 2, 2007, was not opposed by Plaintiffs Alice White and Derrick White, each proceeding *in pro per*, until June 25, 2007. Pursuant to Rule 78-230(c), Local Rules of Practice, Plaintiffs' respective oppositions were due to be filed by June 18, 2007.

Plaintiffs' respective oppositions to the motion for summary judgment are identical, although the opposition submitted by

1

Plaintiff Derrick White is unsigned.[1]  Neither opposition complies with the requirements of Rule 56-260(b), Local Rules of Practice.  Rule 56-260(b) provides:

> Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial.  The opposing party may also file a concise 'Statement of Undisputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication.  The opposing party shall be responsible for the filing with the Clerk of all evidentiary documents cited in the opposing papers.  See L.R. 5-133(j).  If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

See also *Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1031 (9th Cir. 2001):

> [T]he district court may determine whether there is a genuine issue of material fact, on summary judgment, based on the papers submitted on the motion and such other papers as may be on file and specifically referred to and facts therein set forth in the motion papers.  Though the court has discretion in appropriate circumstances to consider other materials, it need not do so.  The district

---

[1] Plaintiff Derrick White's opposition was filed in No. CV-F-05-1564.  However, the Amended Complaint upon which Plaintiffs are proceeding was filed in No. CV-F-05-1558, as was Defendants' motion for summary judgment against both Plaintiffs.

> court need not examine the entire file for evidence establishing a genuine issue of material fact, where the evidence is not set forth in the opposing papers with adequate references to that it could conveniently be found.

The untimeliness of the oppositions and the failure to comply with Rule 56-260(b) prevents Defendants and the Court from being prepared to hear the motion for summary judgment on July 2, 2007. Because Plaintiffs are proceeding *in pro per*, they will be given an opportunity to file oppositions to the motion in compliance with the Local Rules of Practice.

For the reasons stated above:

1. Oral argument on Defendants' motion for summary judgment is continued from Monday, July 2, 2007 to Monday, August 20, 2007 at 10:00 a.m.

2. Plaintiffs shall submit their respective oppositions to the motion for summary judgment in compliance with Rule 56-260(b), Local Rules of Practice, on or before Monday, July 23, 2007. If not timely filed and in compliance with Rule 56-260(b), Plaintiffs' oppositions will be disregarded for purposes of resolving Defendants' motion for summary judgment. No further failure to comply with the Local Rules of Practice or the Federal Rules of Civil Procedure will be accommodated.

IT IS SO ORDERED.

Dated: __June 28, 2007__              ____/s/ Oliver W. Wanger____
                                       UNITED STATES DISTRICT JUDGE