IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE WHITE AND DERRICK WHITE,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CITY OF FRESNO, et al.,<br><br>          Defendant. | No. CV-F-05-1558 OWW<br><br>ORDER DENYING DERRICK WHITE'S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM (Doc. 43) |

On August 27, 2007, Plaintiff Derrick White, proceeding *in pro per* and presenting incarcerated at the Fresno County Jail, filed a Petition for Writ of Habeas Corpus Ad Testificandum. By the Petition, Derrick White seeks a writ directing the Fresno County Jail to transport him to the District Court on September 24, 2007 for a hearing on Defendants' motions for summary judgment against him and Plaintiff Alice White. Derrick White asserts that his presence "is needed to give testimony ... both on his own behalf and that of Alice White ...." The petition

1

makes no reference to payment for transportation from the Fresno County Jail.

At the August 20, 2007 hearing on the motions, the Court ruled that all briefing on the motions is complete. Derrick White cannot give "testimony" or present any further evidence in opposition to the motions and, because he is not a lawyer, he cannot represent Alice White at the hearing on September 24, 2007. *See* Rule 83-183(a), Local Rules of Practice.

Further, as the Court ruled in the "Order re Plaintiff Derrick White's Request to Appear at Hearing" filed on June 26, 2007:

> Plaintiff Derrick White, who is not a lawyer, has no right to be transported to Court for any pretrial hearings in this civil action. "[I]mprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf." *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir.1989), citing *Price v. Johnston*, 334 U.S. 266, 285-286 (1948); *see also Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir.1986); *McKinney v. Boyle*, 447 F.2d 1091, 1094 (9th Cir.1971). The determination whether to issue a writ to allow a prisoner plaintiff to participate in a court hearing rests within the sound discretion of the district court. *Price v. Johnston*, *id.,* at 284. Further, even though Derrick White is *in pro per* and incarcerated, under the law, he is responsible for making arrangements and payment for his transportation expenses to and from the Federal Courthouse. *Manning v. Tefft*, 839 F.Supp. 126, 129-130 (D.R.I.1994).

The Court exercises its discretion and denies the petition. Arrangements have been made with the Fresno County Jail for Derrick White to appear telephonically at the September 24, 2007

hearing.  Derrick White will be able to present any appropriate argument in opposition to the motions for summary judgment through that medium.

ACCORDINGLY, for the reasons stated above, Derrick White's Petition for Writ of Habeas Corpus Ad Testificandum is DENIED.

IT IS SO ORDERED.

Dated:   September 14, 2007                    /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE